Filed 10/7/21  P. v. Williams CA6

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ERIC WILLIAMS,<br><br>    Defendant and Appellant. | H048050<br>(Santa Clara County<br>Super. Ct. No. 211454) |

In 2017, a jury found appellant Eric Williams guilty of two counts of first degree felony murder.  (Pen. Code, § 187.[1])  The trial court sentenced Williams to a prison term of 50 years to life.

In 2019, Williams filed a petition for resentencing pursuant to section 1170.95 (petition).  After appointing counsel and considering briefing submitted by the Santa Clara County District Attorney (district attorney) and Williams, the trial court denied the petition without issuing an order to show cause.

On appeal, Williams contends the trial court erred by failing to use the proper standard when it decided that his petition did not make a prima facie showing of entitlement to relief.  The Attorney General concedes that Williams's petition stated a

---

[1] Unspecified statutory references are to the Penal Code.

prima facie case and agrees this matter should be remanded for the trial court to issue an order to show cause and hold an evidentiary hearing on the petition.

We agree with the parties. Accordingly, we reverse the trial court's March 2, 2020 order denying Williams's petition and remand with directions to issue an order to show cause under section 1170.95, subdivision (c), and hold a hearing pursuant to section 1170.95, subdivision (d).

## I. FACTS AND PROCEDURAL BACKGROUND

A. *Summary of the Offense*[2]

On June 27, 2008, Omar Aquino went to see a movie with Fame Thomas, who was the younger sister of Kenneth Thomas and Faith Thomas.[3] Fame had previously told Kenneth and Faith that Aquino " 'had money.' " Faith did not like Aquino and suggested to Kenneth that they rob Aquino.

After seeing the movie, Fame and Aquino went to Aquino's residence. Aquino's sister, Maria Aquino-Sanchez, was there with her nine-year-old son, who was asleep. Kenneth Thomas, Faith Thomas, Victoria Thompson, Kim Pham, Michael Adams, and Williams followed Fame and Aquino from the movie theater to his residence. Thereafter, Kenneth Thomas, Faith Thomas, Adams, and Williams entered Aquino's residence.

Witnesses heard four to five gunshots and contacted police. Kenneth Thomas was seen holding a gun when he exited the residence. The police arrived and found Aquino

---

[2] The judgment of conviction entered against Williams on July 28, 2017, is pending direct appeal in this court (case No. H045030). Upon request from Williams, we stayed the direct appeal on February 14, 2019, for the purpose of permitting the trial court to conduct proceedings pursuant to section 1170.95. In the present appeal, on June 2, 2021, we granted Williams's request for judicial notice of the appellate record in the direct appeal. Because this court has not yet decided the direct appeal, and given that an exposition of the evidence from Williams's trial is not necessary to our resolution of the sole issue in this appeal, we only briefly summarize Williams's offense based on the probation report filed for his sentencing hearing.

[3] Because Fame Thomas, Kenneth Thomas, and Faith Thomas have the same last name, we will at times refer to them by only their first names.

and Aquino-Sanchez dead, lying face down and taped with duct tape. Aquino had been shot twice, and Aquino-Sanchez had been shot once. The residence had been ransacked, and items were missing.

B. *Procedural History*

In October 2009, the grand jury of Santa Clara County returned an indictment charging Williams and codefendants Adams, Kenneth Thomas, Fame Thomas, and Faith Thomas with the murders of Aquino and Aquino-Sanchez on or about June 28, 2008 (§ 187; counts 1 & 2). In counts 1 and 2, as to Kenneth Thomas, the indictment alleged personal and intentional discharge of a handgun in the commission of murder (§ 12022.53, subds. (b), (c) & (d)) and special circumstances for multiple murder and robbery murder (§ 190.2, subd. (a)(3), (17)).[4] In April 2016, a first amended indictment was filed, but that indictment did not alter the allegations in counts 1 and 2 of the original indictment.

Williams, Adams, and Kenneth Thomas were tried together before a jury. In December 2016, the jury convicted Williams of two counts of first degree "felony murder" (capitalization omitted). In July 2017, the trial court sentenced Williams to a prison term of 50 years to life. At the sentencing hearing, Williams's trial counsel asserted the trial evidence was "not clear as to whether or not Mr. Williams actually entered the residence." The trial court responded, "I believe you're welcome that [*sic*] the evidence indicates Mr. Williams was not in the house at the time of the shooting. However, he is still guilty of felony murder and . . . I think based upon the fact that there are two victims in this matter that the sentences should run consec[u]tive."

In 2019, Williams, on his own behalf, filed a petition for resentencing pursuant to section 1170.95. The trial court appointed counsel to represent Williams. Williams's

---

[4] The indictment also alleged two additional charges against Kenneth Thomas for pimping (§ 266h, subd. (b)(2); count 3) and procuring a minor under age 16 for prostitution (§ 266i, subd. (b)(2); count 4).

3

counsel filed a supplemental petition. The district attorney filed an opposition to the petition. Williams filed a reply and a supplemental reply.

On March 2, 2020, the trial court held a hearing on Williams's petition. At the hearing, the district attorney confirmed that the only theory presented to the jury for Williams's guilt was felony murder and "it was not [the district attorney's] theory that Mr. Williams was the actual killer." The trial court stated that Williams had made an initial prima facie showing that he falls within the provisions of section 1170.95. However, the court concluded there was substantial evidence presented at Williams's trial that would have supported giving a jury instruction on whether Williams was a major participant in the underlying felony and acted with reckless indifference to human life. The court also concluded that "there was substantial evidence by which Mr. Williams could have been convicted of felony murder under this new law." On that basis, the court decided that Williams did not make a "prima facie case for relief" and denied his petition.

Williams timely appealed the trial court's order denying his petition.

Williams filed an opening brief in this court, and the Attorney General filed a respondent's brief fully conceding error. Thereafter, on July 23, 2021, Williams waived his right to file a reply brief and requested expedited reversal based on the Attorney General's concession. On August 20, 2021, the district attorney filed an application for permission to file an amicus curiae letter brief in support of the trial court's order denying Williams's petition. Williams filed an objection to the district attorney's request to file an amicus curiae brief. On September 2, 2021, this court issued an order stating that we would consider Williams's request for expedited reversal and the district attorney's application to file an amicus curiae brief with the merits of this appeal. Accordingly, we will address Williams's request and the district attorney's application in this opinion, *post*.

4

## II. DISCUSSION

Williams contends the trial court erred by failing to use the standard articulated by this court in *People v. Drayton* (2020) 47 Cal.App.5th 965, 981 (*Drayton*), overruled on another ground in *People v. Lewis* (2021) 11 Cal.5th 952, 962–970 (*Lewis*). He further maintains that, under *Drayton*, we should reverse the trial court because "nothing in [the trial record] refutes his entitlement to relief as a matter of law."

The Attorney General "agrees the trial court erred and that the matter should be remanded for further proceedings." The Attorney General states that "[w]hile the trial court's characterization of the *facts* [regarding Williams's participation in the robbery and actions evincing reckless indifference] appears to be correct, there is no indication in the record that [Williams] was ineligible for relief *as a matter of law*. Therefore, the trial court should have issued an order to show cause and held an evidentiary hearing under section 1170[.95], subdivision (d), to weigh the evidence and decide whether relief should be granted. The matter should be remanded for this proceeding to take place."

A. *Applicable Statutes and Legal Principles*

"The Legislature enacted Senate Bill [No.] 1437 [(Stats. 2018, ch. 1015)] to 'amend the felony murder rule and the natural and probable consequences doctrine . . . to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.' [Citation.] The bill amended sections 188 and 189, which pertain to the definition of malice and the degrees of murder." (*People v. McClure* (2021) 67 Cal.App.5th 1054, 1061 (*McClure*).)

"The Legislature amended section 188 by adding subdivision (a)(3), which provides: 'Except as stated in subdivision (e) of Section 189, in order to be convicted of murder, a principal in a crime shall act with malice aforethought. Malice shall not be imputed to a person based solely on his or her participation in a crime.' [Citations.] And section 189, subdivision (e), now limits liability for murder to a person who was either

5

the actual killer or, though not the actual killer, acted 'with intent to kill' and 'aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer' in the commission of first degree murder, or was 'a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2.' " (*McClure*, *supra*, 67 Cal.App.5th at p. 1061.)

"In addition to substantively amending sections 188 and 189 of the Penal Code, Senate Bill [No.] 1437 added section 1170.95, which provides a procedure for convicted murderers who could not be convicted under the law as amended to retroactively seek relief." (*Lewis*, *supra*, 11 Cal.5th at p. 959.)

"Pursuant to section 1170.95, an offender must file a petition in the sentencing court averring that: '(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine[;] [¶] (2) The petitioner was convicted of first degree or second degree murder following a trial or accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder[;] [¶] [and] (3) The petitioner could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019.' (§ 1170.95, subds. (a)(1)–(3); see also § 1170.95 subd. (b)(1)(A).) Additionally, the petition shall state '[w]hether the petitioner requests the appointment of counsel.' (§ 1170.95, subd. (b)(1)(C).) If a petition fails to comply with subdivision (b)(1), 'the court may deny the petition without prejudice to the filing of another petition.' (§ 1170.95, subd. (b)(2).)" (*Lewis*, *supra*, 11 Cal.5th at pp. 959–960.) "Where the petition complies with subdivision (b)'s three requirements, then the court proceeds to subdivision (c) to assess whether the petitioner has made 'a prima facie showing' for relief. (§ 1170.95, subd. (c).)" (*Id*. at p. 960.)

Section 1170.95, subdivision (c), "describe[s] [] a single prima facie showing." (*Lewis*, *supra*, 11 Cal.5th at p. 962.) Further, "a trial court can rely on the record of

6

conviction in determining whether that single prima facie showing is made." (*Id.* at p. 970.) The California Supreme Court has explained that "the prima facie inquiry under subdivision (c) is limited. Like the analogous prima facie inquiry in habeas corpus proceedings, ' "the court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved. If so, the court must issue an order to show cause." ' [Citation.] '[A] court should not reject the petitioner's factual allegations on credibility grounds without first conducting an evidentiary hearing.' [Citation.] 'However, if the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner." ' " (*Id.* at p. 971, quoting *Drayton*, *supra*, 47 Cal.App.5th at pp. 978–979.)

"In reviewing any part of the record of conviction at this preliminary juncture, a trial court should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' [Citation.] As the People emphasize, the 'prima facie bar was intentionally and correctly set very low.' " (*Lewis*, *supra*, 11 Cal.5th at p. 972; see also *Drayton*, *supra*, 47 Cal.App.5th at p. 980.) "If, accepting the facts asserted in the petition as true, the petitioner would be entitled to relief because he or she has met the requirements of section 1170.95[, subdivision] (a), then the trial court should issue an order to show cause." (*Drayton*, at p. 980.)

"If the trial court determines that a prima facie showing for relief has been made, the trial court issues an order to show cause, and then must hold a hearing 'to determine whether to vacate the murder conviction and to recall the sentence and resentence the petitioner on any remaining counts in the same manner as if the petitioner had not . . . previously been sentenced, provided that the new sentence, if any, is not greater than the initial sentence.' (§ 1170.95, subd. (d)(1).) 'The prosecutor and the petitioner may rely on the record of conviction or offer new or additional evidence to meet their

7

respective burdens.' (§ 1170.95, subd. (d)(3).) At the hearing stage, 'the burden of proof shall be on the prosecution to prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing.' (§ 1170.95, subd. (d)(3).)" (*Lewis*, *supra*, 11 Cal.5th at p. 960.)

Where, as here, our analysis of the trial court's ruling turns on interpretation of section 1170.95 and the trial court's authority to engage in independent factfinding when summarily denying a petition under section 1170.95, subdivision (c), we review the ruling de novo. (See *Drayton*, *supra*, 47 Cal.App.5th at p. 981; *People v. Duchine* (2021) 60 Cal.App.5th 798, 811.)

B. *Analysis*

We agree with the parties that the trial court erred when it evaluated and weighed the trial evidence to determine, under section 1170.95, subdivision (c), whether Williams made a prima facie showing that he is entitled to relief. (See *Lewis*, *supra*, 11 Cal.5th at pp. 971, 974; *Drayton*, *supra*, 47 Cal.App.5th at pp. 980, 982.)

Williams's petition asserted that he was charged by an indictment that allowed the prosecution to proceed under a theory of felony murder, he was convicted of first degree felony murder at trial, and he could not be convicted of first or second degree murder under current law. Williams further asserted that he was not the actual killer, did not aid and abet first degree murder with the intent to kill, was not a major participant in the underlying felony who acted with reckless indifference to human life, and the victim of the murder was not a peace officer performing his or her duties. These assertions were sufficient to trigger the issuance of an order to show cause by the trial court unless readily ascertainable facts from the record established they were untrue as a matter of law. (See § 1170.95, subds. (a) & (c); *Drayton*, *supra*, 47 Cal.App.5th at p. 980.)

Nothing in the record from Williams's conviction established, as a matter of law and without additional factfinding, that Williams was a major participant in the underlying felony who acted with reckless indifference to human life. (§ 189, subd. (e).)

8

Moreover, Williams's jury was not required to find that he acted with malice or was the actual killer. (§§ 188, 189, subd. (e).) Instead of relying on anything in the record of conviction that established as a matter of law that Williams was a major participant in the felony who acted with reckless indifference to human life, the trial court—at the urging of the district attorney—found that the trial record included "substantial evidence by which Mr. Williams could have been convicted of felony murder" under Senate Bill No. 1437's amendments to sections 188 and 189.

In denying Williams's petition, the trial court thus engaged in factfinding based upon its independent review of the trial record and erred by so doing. (See *Drayton*, *supra*, 47 Cal.App.5th at p. 982.) Under the circumstances here, we conclude the trial court should have issued an order to show cause and conducted a hearing pursuant to section 1170.95, subdivision (d), at which the prosecution bears the burden of proving, beyond a reasonable doubt, that Williams is ineligible for resentencing. (§ 1170.95, subd. (d)(3).)

The district attorney has requested permission to file an amicus curiae brief in this appeal. He urges us to consider his proposed amicus curiae brief because "the Attorney General has taken a position in this case that [the district attorney] believe[s] to be inconsistent with the language, legislative history and intent of section 1170.95." Specifically, the district attorney maintains that two cases currently pending review before the California Supreme Court support the trial court's ruling that Williams failed to make the requisite prima facie showing given the substantial evidence that he was a major participant in the underlying felony and acted with reckless indifference to human life. The two cases relied on by the district attorney are *People v. Duke* (2020) 55

Cal.App.5th 113 (*Duke*), review granted January 13, 2021, S265309, and *People v. Garcia* (2020) 57 Cal.App.5th 100, review granted February 10, 2021, S265692.[5]

We do not agree with the district attorney that the Attorney General's position on behalf of the People is inconsistent with section 1170.95. In our view, the standard set forth by the Court of Appeal in *Garcia* for determining whether an order to show cause should issue under section 1170.95, subdivision (c), is incompatible with the California Supreme Court's more recent statements in *Lewis*. (See *Lewis*, *supra*, 11 Cal.5th at pp. 971–972.) Further, in *People v. Lopez* (2020) 56 Cal.App.5th 936, 949–951, review granted February 10, 2021, S265974, a different panel of this court disagreed with *Duke* regarding the applicability of the substantial evidence standard at the post-order-to-show-cause hearing stage under section 1170.95, subdivision (d). The panel concluded that "to establish a petitioner's ineligibility for section 1170.95 relief for failure to satisfy the third condition [under section 1170.95, subdivision (a)(3)], the prosecutor must prove beyond a reasonable doubt the elements of first or second degree murder under the current law." (*Lopez*, at p. 951.) Accordingly, we deny the district attorney's application for permission to file his proposed amicus curiae brief.

For these reasons, we reverse the trial court's order denying Williams's petition and remand with directions to issue an order to show cause under section 1170.95,

---

[5] In *Duke*, the California Supreme Court granted review on the question: "Can the People meet their burden of establishing a petitioner's ineligibility for resentencing under Penal Code section 1170.95, subdivision (d)(3) by presenting substantial evidence of the petitioner's liability for murder under Penal Code sections 188 and 189 as amended by Senate Bill No. 1437 (Stats. 2018, ch. 1015), or must the People prove every element of liability for murder under the amended statutes beyond a reasonable doubt?"

In *Garcia*, the California Supreme Court granted review and deferred further action in the matter "pending consideration and disposition of related issues in *People v. Lewis*, S260598, and *People v. Duke*, S265309 (see Cal. Rules of Court, rule 8.512(d)(2)), or pending further order of the court." We note that *Lewis*, *supra*, 11 Cal.5th 952, was decided by our Supreme Court on July 26, 2021.

10

subdivision (c), and hold a hearing pursuant to section 1170.95, subdivision (d).[6] We express no opinion about Williams's ultimate entitlement to relief following the hearing. (§ 1170.95, subd. (d)(2).)

## III. DISPOSITION

The trial court's March 2, 2020 order denying Williams's Penal Code section 1170.95 petition for resentencing is reversed. The matter is remanded to the trial court with directions to issue an order to show cause (Pen. Code, § 1170.95, subd. (c)) and hold a hearing to determine whether to vacate Williams's murder conviction and to recall his sentence and resentence him (Pen. Code, § 1170.95, subd. (d)).

---

[6] Because we reverse the trial court, we deny Williams's request for expedited reversal as moot.

11

_____

                                    Danner, J.


WE CONCUR:




_____

Greenwood, P.J.




_____

Grover, J.




**H048050**
*People v. Williams*